UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **LEROY MASON, JR.** | **CIVIL ACTION NO. 3:11-cv-1542** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **BILLY HARRISON, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Leroy Mason, Jr., proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 23, 2011. Plaintiff is incarcerated at the Morehouse Parish Jail (MPJ) and he complains that he was denied prompt and appropriate medical care. He sued Warden Billy Harrison, Nurses Anders and Shoemaker, the "nurses staff station," and an unnamed physician. He prayed for an unspecified amount of compensatory damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §1983 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

### *Background*

Plaintiff was incarcerated at MPJ on December 9, 2010. Two weeks later he broke out in what appeared to be a rash or boils on his arms and legs. He was examined by the MPJ nurses who initially concluded that he was suffering from boils. Sometime later they opined that he had a staph infection. Still later they concluded that he had been bitten by a spider, and finally, they diagnosed the condition as a form of herpes. Plaintiff asked to be hospitalized but his request was refused and

he was advised that he would be examined by a physician at the facility. A physician examined him on some unspecified dates and prescribed oral medication which was supplied to plaintiff for some unspecified period of time. This treatment, however proved ineffective and plaintiff continued to experience pain, swelling, and finally "holes" in his back and buttocks. He was ostracized by his fellow inmates and by the prison staff.

On some unspecified date, the nurses summoned Warden Harrison to the nurse's station where he observed plaintiff's condition and concluded that plaintiff was not in need of hospitalization.

On unspecified dates thereafter, blood samples were drawn, however, plaintiff claims he was not provided the results. On May 20, 2011, the nursing staff attempted to draw additional blood and plaintiff refused. As a result, he was placed in-lock down on administrative segregation for refusing medical attention. He remained in lock-down until July 6, 2011.

On June 3 and June 27, 2011 plaintiff was taken to the hospital where he apparently received a diagnosis and treatment.

Meanwhile, on June 20, 2011 plaintiff went to church to be baptized; however, upon his arrival, he noted a guard whispering to the pastor, whereupon the pastor donned gloves before baptizing the plaintiff.

Plaintiff seeks "... to be compensated for the suffering, the humiliation, and the pain it caused [him] as well as [his] family." He complains that the defendants treated him like "a mangy dog" and embarrassed him in front of his peers. He complains that unnamed individuals "physically pushed [him] around and spread[ ] malicious lies about confidential medical information that was supposed to be discussed only by [plaintiff] and the medical staff."

*Law and Analysis*

*1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§1915A and 1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the

assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's original complaint set forth his claim and the basis for his cause of action; he has filed a memorandum and copies of his grievances to prison authorities which taken together provide additional details and facts in support of his claims for relief. He need not be permitted further amendment because his allegations – taken as true for the purposes of this report – fail to state a claim for which relief may be granted.

*2. Medical Care*

It appears that plaintiff is a pre-trial detainee and not a convicted prisoner. Because they are presumed innocent, pre-trial detainees have a constitutional right to be free from punishment. *See Bell v. Wolfish*, 441 U.S. 520, 534-37, 99 S.Ct. 1861, 1871-73, 60 L.Ed.2d 447 (1979). Accordingly, a pre-trial detainee's claims of unconstitutional conditions or circumstances are analyzed under the Fourteenth Amendment's guarantee of due process of law as opposed to the Eighth Amendment's

prohibition of cruel and unusual punishment, which applies only to convicted inmates. *See id.* at 535 n. 16, 99 S.Ct. at 1872 n. 16; *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir.1996).

Civil rights complaints, when filed pursuant to Section 1983 by pre-trial detainees, are analyzed as either conditions of confinement or episodic acts resulting in the deprivation of constitutional rights without due process. A "conditions of confinement" case raises a constitutional attack on general conditions, practices, rules, or restrictions of pretrial confinement. *See Scott v. Moore*, 114 F.3d 51, 53 (5th Cir.1997) (citing *Hare v. City of Corinth*, 74 F.3d 633, 644 (5th Cir.1996). In such cases, the constitutional harm is caused by the condition itself. "This is true, for example, where inadequate food, heating, or sanitary conditions themselves constitute miserable conditions." *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir.1997). When a pretrial detainee challenges the general conditions of confinement, as opposed to particular acts or omissions, a constitutional violation exists only if it appears that the complained of conditions of confinement are not reasonably related to a legitimate, non-punitive governmental objective. *See Hare*, 74 F.3d at 640 (citing *Bell*, 441 U.S. at 538-39, 99 S.Ct. at 1873-74); see also *Scott*, 114 F.3d at 53 (citing *Hare* ).

On the other hand, if the detainee's complaints are based on particular acts or omissions of one or more officials, the action is characterized as an "episodic act or omission" case. *See Olabisiomotosho v. City of Houston*, 185 F.3d 521, 526 (5th Cir.1999); *Hare*, 74 F.3d at 645. Under this analysis, a detainee's due process rights are violated only if the defendants acted with deliberate indifference to a substantial risk of serious harm which resulted in injury. *Wagner v. Bay City,* 227 F.3d at 324 (citing *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir.1996) *(en banc*); see also *Edwards v. Johnson*, 209 F.3d 772 (5th Cir. 2000) ("To prove an underlying constitutional violation in an episodic acts case, the detainee must establish that the official acted with subjective deliberate

indifference."). Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm. *Id.* Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm. *Id.* This deliberate indifference standard is identical to the standard used to analyze medical care claims affecting convicts and arising under the Eighth Amendment.

Thus, whether the case arises under the Fourteenth Amendment or the Eight Amendment, the deliberate indifference standard must be employed. In either case, deliberate indifference means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Thompson v. Upshur County, Texas*, 245 F.3d at 458-59. Thus, "... the failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001)(emphasis supplied). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459 (emphasis supplied). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999).

In addition, the alleged deprivation must be "sufficiently serious," which means that "the inmate must show that he [was] incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 847 (emphasis supplied). "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

6

"[T]he plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id*. (internal quotation marks and citation omitted). "[M]ere negligence, neglect, or medical malpractice" do not constitute deliberate indifference. *Varnado*, 920 F.2d at 321. Even "gross negligence" does not establish deliberate indifference. *Hernandez v. Tex. Dep't of Prot. and Reg. Servs.*, 380 F.3d 872, 882 (5th Cir. 2004).

Plaintiff has not demonstrated deliberate indifference; indeed, at worst, he has demonstrated that his condition was mis-diagnosed by the nurses and the physician at MPJ. However, unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. *Gobert v. Caldwell*, 463 F.3d 339, 346. Plaintiff disagreed with the diagnosis and treatment regimens prescribed for him; however, disagreement with medical diagnosis or treatment does not state a claim under the Eighth Amendment. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997), citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir.1977); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir.1985). Diagnosis and treatment decisions are a classic example of a matter best left to the medical judgment of health care professionals. *Gobert*, 463 F.3d at 346. The facts alleged simply do not establish deliberate indifference and therefore plaintiff's complaint fails to state a claim for which relief may be granted.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim on which relief may be granted in accordance with the

provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14)days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, January 6, 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE